


U.S. Department of Justice

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

United States Attorney
District of Maryland
Northern Division

2014 JUL 16 PM

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4805<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462 |
| A. David Copperthite<br>Assistant United States Attorney | | |

David.Copperthite@usdoj.gov

June 18, 2014

Gary Christopher, Esquire
First Assistant Federal Public Defender
Office of the Federal Public Defender
    for the District of Maryland
100 S. Charles Street, Tower II, Suite 900
Baltimore, Maryland 21201

                Re:    United States v. Lamont Hall
                        Crim. No. WDQ-13-0672

Dear Mr. Christopher:

        This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office").   If the Defendant accepts this offer, please have him execute it in the spaces provided below.   If this offer has not been accepted by **June 26, 2014**, it will be deemed withdrawn.   The terms of the agreement are as follows:

### Offense of Conviction

        1.      The Defendant agrees to plead guilty to Counts Two and Three of the Indictment now pending against him, which charge him with Possession with the intent to distribute an amount of Heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a) (1), and Possessing Firearms in Furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).   The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

        2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised  11/5/09

Count Two:

That on or about July 8, 2013 in the District of Maryland,

    a.    The Defendant knowingly possessed a controlled substance with the intent to distribute that controlled substance; and

    b.    The substance was in fact Heroin, a Schedule I controlled substance

Count Three:

That on or about July 8, 2013, in the District of Maryland,

    a.    The Defendant committed a drug trafficking crime, specifically possession with the intent to distribute Heroin, as charged in Count Two, for which he might be prosecuted in a court of the United States; and

    b.    The Defendant knowingly possessed firearms in furtherance of the commission of the drug trafficking crime charged in Count Two of the Indictment.

## Penalties

3.    The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: As to Count Two, twenty years imprisonment, a $1,000,000 fine, and a maximum term of supervised release of at least three and no more than five years; and as to Count Three, up to life imprisonment, a five (5) year mandatory minimum sentence consecutive to any other sentence; a period of supervised release of up to five (5) years, and a $250,000 fine.

In addition, the Defendant must pay $100 as a special assessment as to each count of conviction, pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.   This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.   The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.   The Defendant understands that

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.   The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.   If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.   That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.   If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.   Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.   The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.   If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.   The Defendant would have the right to confront and cross-examine the government's witnesses.   The Defendant would not have to present any defense witnesses or evidence whatsoever.   If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.   The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.   If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.   If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.   By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.   By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.   By pleading guilty, the Defendant understands that he

may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.   Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status.   Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.   The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in "Attachment A", which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.     The parties agree that pursuant to U.S.S.G. §2D1.1 , the base offense level for Count Two is **Level 14** because the amount of heroin is greater than 5 grams but less than 10 grams.

b.     The parties further agree that Count Three carries a minimum mandatory sentence of **60 months incarceration to the Bureau of Prisons consecutive to Count Two.** This agreement does not affect the Court's

discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.   In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void.   Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

        c.     This Office does not oppose a **two-level reduction** in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. In anticipation of the forthcoming changes to the Drug Quantity Table in the United States Sentencing Guidelines 2D1.1, the United States hereby agrees not to oppose **a 2- level downward variance**.   In exchange, the defendant agrees not to seek a sentence reduction under 18 USC 3582(c)(2) based on the retroactive application of Amendment # 3 to the USSG submitted to Congress on April 30, 2014, resulting in a **final adjusted offense level of 10 as to Count Two and a consecutive 60 months incarceration to the Bureau of Prisons as to Count Three.** This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

        7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category and that his criminal history could alter his offense level if he is a career offender, armed career criminal, or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

        8.     This Office and the Defendant agree that with respect the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

<u>Obligations of the United States Attorney's Office</u>

        9.     At the time of sentencing, this Office will recommend a sentence of within the advisory guidelines as established by the Court.   At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

        10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the

Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the applicable guidelines range for offense **level 10 plus 60 months incarceration to the Bureau of Prisons**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the applicable guidelines range for offense **level 10 plus 60 months incarceration to the Bureau of Prisons**.

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Restitution

12.     The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.   The Defendant further agrees to take all

reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Obstruction or Other Violations of Law

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please

sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
A. David Copperthite
Assistant United States Attorney



I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

6-20-14
_____
Date

_____
Lamont Hall


I am Lamont Hall's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/20/14
_____
Date

_____
Gary Christopher, Esq.

## ATTACHMENT A:   Statement of Facts – Lamont Hall

*The United States and defendant Lamont Hall, stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt.   They further stipulate and agree that these are not all of the facts that the United States would prove if this case proceeded to trial.*

During the last week of June, 2013, the Maryland State Police Gang Enforcement Unit (GEU) began an investigation of Lamont Hall for trafficking cocaine and heroin in the Northeast, Maryland area. The GEU investigators had received information from various sources identifying Hall as a source of cocaine and heroin. A controlled purchase of heroin was made from Hall at his residence, 331 Bethel Church Road, Northeast, Maryland. In addition, troopers conducted surveillance of Hall and observed him conducting what they believed to be narcotics transactions to purchasers in and around the Bethel Church Road address.

The investigation resulted in the troopers obtaining a search warrant for Hall and for the location of 331 Bethel Church Road. On July 8, 2013, investigators located Hall driving a vehicle in the area of the Flying J Truck Stop in Northeast. The troopers knew Hall had a revoked or suspended driver's license and outstanding warrants for unrelated charges. When the troopers approached Hall, he fled and was apprehended in the parking lot. The search warrant was executed on Hall and the address of 331 Bethel Church Road.   Hall had 193 individual bags of heroin on his person when he was arrested. A search of the bedroom of Hall at 331 Bethel Church Road, recovered an additional amount of heroin packaged for street sale, a digital scale, $3,000.00 in U.S. currency and the following firearms: a Taurus .38 caliber revolver, serial number EW33912; a Hi-Point C9, 9mm pistol, serial number P1586609; a Winchester Model 1200, 12 gauge shotgun, serial number 2784810; and a Browning PPS Field 12 gauge shotgun, serial number 21638RN152, and various rounds of ammunition. The firearms were all recovered along with and in close

1

proximity to the heroin. Hall provided a statement after being advised of his rights pursuant to *Miranda v. Arizona*, and waived those rights. Hall admitted that all of the heroin, paraphernalia and firearms were his.

The controlled substances were analyzed by the Maryland State Police Laboratory and found to be heroin, a schedule I controlled substance with a net weight of 5.89 grams. The Defendant agrees that on the date charged in the indictment, he possessed that heroin with the intent to distribute the heroin. The Defendant further agrees that the firearms all meet the definition of a "firearm" as set forth in 18 U.S.C. §921(a)(3), in that each firearm is designed to expel a projectile by means of an explosion. The Defendant further agrees that on the date charged in the indictment, he possessed the firearms in furtherance of the drug trafficking crime set forth in Count Two of the Indictment. All of these events occurred within the District of Maryland.

6-20-14
_____
Date

_____
Lamont Hall

I am Lamont Hall's attorney. I have carefully reviewed every part of this Statement of Facts with him. He advises me that he understands and accepts these Facts.

6/20/14
_____
Date

_____
Gary Christopher, Esq.

2